■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SYLVIA WINOGRAD, Appellant.—Judgment, Supreme Court, New York County, rendered December 16, 1976, convicting defendant on her plea of guilty to criminal usury, following denial of her motion to suppress, unanimously reversed, on the law, the plea of guilty is vacated, the motion to suppress is granted, and the matter is remanded for whatever further proceedings may be appropriate. Following denial of a written motion to contravene an eavesdropping warrant, with orders of extensions, and to suppress tape recordings taken in connection therewith, the defendant was permitted by oral motion to renew on a separate ground. The parties stipulated to certain facts. Contrary to the District Attorney's contention here, the minutes indicate that an issue clearly raised was the alleged failure to comply with CPL 700.50 (subd 2), which requires judicial sealing of the eavesdropping recordings "Immediately upon the expiration * * * of an eavesdropping warrant." The original eavesdropping warrant in question was secured effective June 7, 1973, which was followed by three successive 30-day extensions, the final one expiring October 16, 1973. The sealing was stipulated to have occurred with regard to all but a few of the tapes on October 26, 1973. Two questions with regard to the sealing are raised. The first question is whether or not CPL 700.50 (subd 2) requires tapes to be sealed immediately after the expiration of the original 30-day warrant, as well as immediately after the expiration of each of the orders of extension. This issue, which involves an interesting and difficult question of statutory interpretation, has been the subject of extensive judicial discussion and divergent conclusions. (Cf. *People v Pecoraro,* 58 AD2d 462, 470; *People v Glasser,* 58 AD2d 448; and *United States v Fury,* 554 F2d 522.) We think it unnecessary to reach that issue here since the unexplained 10-day delay in sealing after the expiration of the last extension order cannot be reconciled with the statutory requirement that the tapes be sealed "immediately." (Cf. *People v Pecoraro, supra,* with *United States v Fury, supra.)* Concur— Murphy, P. J., Fein, Lane, Sandler and Sullivan, JJ.

■ In the Matter of SHIRLEY RADIN, as Limited Administratrix of the Estate of HARRY RADIN, Deceased, Appellant, v LOUIS RADIN, Respondent.— Decree, Surrogate's Court, Bronx County, entered on April 27, 1976, unanimously affirmed for the reasons stated by Gelfand, S., without costs and without disbursements. Concur—Kupferman, J. P., Birns, Silverman, Fein and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS JUAN PEREZ, Appellant.—Judgment, Supreme Court, New York County, rendered on January 12, 1976, unanimously affirmed. Application by appellant's counsel to withdraw as counsel granted (see *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833). No opinion. Concur—Lupiano, J. P., Birns, Evans and Markewich, JJ.